Brian J. Stibitz, Bar No. 0106043
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone:  (907) 222-7100
Facsimile:  (907) 222-7199
*brian@reevesamodio.com*

Robert A. Bouvatte, Jr., *Pro Hac Vice*
1806 65th Court SE
Tumwater, WA  98501
Telephone:  (904) 505-3175
rbouvattelaw@gmail.com
bob@rbouvattepllc.com

*Attorneys for Petitioner/Plaintiff*


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| EGAE, LLC, an Alaska limited liability company, | ) ) ) | Docket No.: 3:21-cv-00238-JWS |
| Petitioner/Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| MARCIA FUDGE, in her Official Capacity as Secretary of the UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, | ) ) ) ) ) ) | **PETITIONER'S VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND PETITION FOR JUDICIAL REVIEW PURSUANT TO 5 U.S.C. SECTION 701, *ET SEQ*** |
| Respondent/Defendant. | ) | |

The Plaintiff/Petitioner, EGAE, LLC ("EGAE" or the "Petitioner"), by and through its

undersigned counsel, and for its Verified Complaint For Declaratory & Injunctive Relief, and

Petition for Judicial Review against MARCIA FUDGE, in her Official Capacity as Secretary of

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                    Page **1** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 1 of 25

the UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT ("HUD,"
the "Department," or the "Respondent"), hereby alleges that:

## I. INTRODUCTION.

1.     This is a petition for judicial review, seeking review of HUD's final agency action,
pursuant to the Administrative Procedures Act, 5 U.S.C. Section 701, *et seq.* (the "APA"), as well
as an action for declaratory & injunctive relief, pursuant to 5 U.S.C. Section 702, and 28 U.S.C.
Sections 2201 and 2202. An immediate, actual controversy exists which requires resolution by this
Court, on an expedited, emergency basis.

## II. PARTIES.

2.     EGAE, LLC, is an Alaska limited liability company, and the owner of real property
located at Lot B of McKay Subdivision, according to the Official Plat thereof, filed under Plat No.
2003-111, in the Records of the Anchorage Recording District, Third Judicial District, State of
Alaska (the "Property").

3.     The United States Department of Housing & Urban Development is a United States
government agency, headquartered in Washington, D.C., and having a field office in Anchorage,
Alaska.

## III. JURISDICTION AND VENUE.

4.     The Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and
1343(a)(3), because: (i) this case seeks judicial review of federal agency action, pursuant to the
APA, 5 U.S.C. §§ 702 and 706, and (ii) this case raises violations of Plaintiff's federal
constitutional rights under the Fifth Amendment and is brought pursuant to 28 U.S.C. §§ 2201 and
2202 (for declaratory and injunctive relief). This matter raises numerous federal questions for
decision by this Court.

5.      Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b).

## IV.      STATEMENT OF FACTS.

*History of the Property*

6.      The Petitioner's relationship with HUD originated in the early 2000's. At that time, Petitioner began the process of applying for a HUD-backed mortgage loan for the Property in or around 2004, during which process it was advised that it would need a "no-action" letter from Alaska's State Historic Preservation Office ("SHPO"), to ensure that the development of the Project would not affect the preservation of historic property.

7.      Unfortunately, however, the SHPO informed Petitioner's representative, Mr. Marc Marlow, that historic preservation criteria would require Petitioners to change the redevelopment plan in order to preserve the original look of the project – but that by complying, the Project would earn Historic Tax Credit ("HTC") incentives, pursuant to 16 U.S.C. §§ 470, 470-1, and 470h-2, *inter alia*, which incentives would allow the Petitioners to offset these extensive rehabilitation costs.

8.      In reliance upon these statements, the Petitioner then altered the design and generated budgets for the Project, in consultation with historic architectural and HTC consultants, and expected to be able to recoup the full amount of its investment in the HTC.

9.      HUD agreed to insure the development loan for the project, pursuant to Section 221d4 of the National Housing Act, 12 U.S.C. § 1701, *et seq*. On March 8, 2005, the Petitioner executed a Regulatory Agreement with HUD. A true and correct copy of the Regulatory Agreement, dated March 8, 2005, is attached hereto as **Exhibit 1**.

10.     The Regulatory Agreement reflected the agency's agreement to insure the loan that was, at that time, owned by CW Capital, LLC, pursuant to the documents encumbering the

Property (the "Mortgage Loan"). *See* Deed of Trust, dated March 8, 2005, a true and correct copy of which is attached hereto as **Exhibit 2**, and Deed of Trust Note, dated March 8, 2005 a true and correct copy of which is attached hereto as **Exhibit 3**.

11.     Thereafter, Petitioner set to work rehabilitating the property, as required by the National Park Service, and as necessary to accrue HTC in the project.[1] Ultimately, Petitioner expended over Twelve Million Dollars ($12,000,000.00) rehabilitating the Property, in reasonable reliance on the investment-backed expectations created by NPS' HTC program and other federal statutes, resulting in tax credits worth $2,451,779.[2]

12.     In March, 2006, Petitioner's representative, Mr. Marc Marlow, approached HUD's legal counsel in Anchorage with a draft proposal for a master lease, to affiliate Bank of America ("BoA") as an investor with the Project, for the purposes of BoA's purchasing the HTC at the then-prevailing market rate.

13.     Sean Gallagher, a HUD Production Chief, later testified that although HUD had been contemporaneously undergoing a review to develop policies to deal with this specific issue, HUD's Multifamily Director in Washington, D.C., Joe Lloyd, instructed Mr. Gallagher that the Petitioner's master lease proposal could not be accepted by HUD or utilized to sell the HTC to BoA. Mr. Lloyd stated to Mr. Gallagher that until HUD had completed developing a policy, to which any subsequent proposals could be conformed, all proposals for two-tier master lease proposals were to be rejected outright. Neither Mr. Gallagher nor the Petitioner had any recourse

---

[1] General background information concerning the historic preservation requirements of the National Park Service ("NPS") is available at https://www.nps.gov/subjects/historicpreservation/index.htm (last visited October 18, 2021).

[2] General background information concerning the tax incentives offered for rehabilitation of historic buildings to the standards of NPS is available at https://www.nps.gov/tps/tax-incentives.htm (last visited October 18, 2021).

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                    Page **4** of 25
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

with respect to that decision, the reasoning for which amounted to "because the policy hadn't been issued so it couldn't comply, it wouldn't be allowed."

14.  Although HUD had apparently begun this process as of April, 2006, and although the HTC program had been a part of federal law for decades already, HUD apparently did not complete its review until late 2009, when it issued Mortgagee Letter 2009-40. A true and correct copy of Mortgagee Letter 2009-40, dated October 19, 2009, is attached hereto as **Exhibit 4**.

15.  The Petitioner did not have the option in 2006 to challenge HUD's denial, because while the HTC could not, as a practical matter, be sold before construction was complete and a cost certification audit performed, the HTC were *required* to be sold before tenants moved into such a project, in order to be eligible for sale.

16.  As a result of HUD's denial, Petitioner was forced to convey to BoA an ownership interest in the Project, under a one-tier structure, in order to move forward. This resulted in the HTC being diminished in value in connection with the sale to BoA, to roughly eighty percent (80%) of their former value – it is undisputed that the Petitioner was deprived of over Four Hundred Thousand Dollars ($400,000.00) as a result.

17.  Notwithstanding HUD's treatment of the Project, Petitioner is aware of only one (1) other instance in which HUD attempted to force a multi-family residential developer to close an HTC transaction under a one-tier structure, and in that instance, HUD ultimately relented. The developer in question there was named Marcel Wisznia, who operated an apartment building in New Orleans, Louisiana. Mr. Wisznia was required to engage in discussions with HUD for well over a year before they permitted him to use the two-tiered structure that the Petitioners had sought to utilize.

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                      Page **5** of 25
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 5 of 25

18.     As HUD ultimately acknowledged, however, "[m]aster leases are used to maximize the benefits" of HTC, among other sources of tax credit equity, and "are advantageous to investors and developers participating in these programs by providing maximum leverage for project financing and premium pricing for equity, while reducing the need for additional debt." *See* **Ex. 4**, at PER 087.

19.     Notwithstanding HUD's devaluation of Petitioner's HTC, the impacts upon the Project did not even begin to be precipitated for several years, when a local property tax exemption that the Petitioner had negotiated for the Project expired.

20.     Because HUD initially failed to include a property tax reserve as one of the underwriting requirements for the loan, the Petitioner was required by the lender who had purchased the note, Walker Dunlop, LLC, to use the 2017 mortgage payments as payments towards the 2017 tax bill from the Municipality of Anchorage.

21.     As a result, and because the devaluation of Petitioner's HTC had cost it over $400,000.00 in liquid capital, the use of the mortgage payments toward payment of the tax bill resulted in Petitioner defaulting on the mortgage as of August 1, 2018.

22.     Following the default, and pursuant to the lender's request, the loan was assigned to HUD in 2019. *See* letter re: Notification of Assignment of Loan, dated May 29, 2019, a true and correct copy of which is attached hereto as **Exhibit 5**.

23.     At the time that the Mortgage Loan was assigned from Dunlop Walker to HUD, the Mortgage loan had an unpaid principal balance of $6,899,923.14. *See* **Ex. 5**.

24.     Prior to the time of the Assignment, from 2016-2019, Petitioner's representative frequently proposed various resolutions, including a re-finance of the Mortgage Loan, or other pre-payment of same. Due to Petitioner's purported default in the Regulatory Agreement, however,

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                              Page **6** of 25
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 6 of 25

HUD, has refused to allow Petitioner to satisfy the Mortgage Loan and clear its ownership of the Property.

25. Since the time of the Assignment, and during related proceedings, HUD has suggested that it intended to foreclose the outstanding Mortgage Loan.

*HUD's Announced Sale of the Mortgage Loan*

26. It has now become apparent, however, that HUD intends to sell the Mortgage Loan to a third-party purchaser, instead of pursuing foreclosure proceedings in its own right.

27. Specifically, on September 16, 2021, HUD issued correspondence to EGAE, as the owner of the Property, indicating that the Mortgage Loan would be sold, along with several others, in an auction of multifamily mortgage loans, with bidding to take place on October 20, 2021 (the "Loan Sale Letter"). A true and correct copy of the Loan Sale Letter is attached hereto as **Exhibit 6**.

28. Although dated September 16, the Loan Sale Letter was not actually post-marked until September 17, 2021. A true and correct copy of the envelope in which the Loan Sale Letter was received is attached hereto as **Exhibit 7**. Moreover, no individual or entity acting on behalf of EGAE had notice of the matters set forth in the Loan Sale Letter, until such time as Mr. Marlow opened the envelope and read the Loan Sale Letter on September 22, 2021.

29. As set forth in the Loan Sale Letter, EGAE, as well as any of its affiliates, are expressly prohibited from participating in the bidding process. *See* **Ex. 6** ("Neither you, nor any of your principals, affiliates, and assigns can purchase the loan or qualify to bid in the loan sale."). Moreover, "all of the mortgage loans in this sale will be sold without FHA mortgage insurance…Unless your loans are subordinate to another FHA-insured mortgage loan, the

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                    Page **7** of 25
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 7 of 25

Regulatory Agreement between you and HUD will no longer apply after the loan sale is closed, and you will no longer be obligated to meet its requirements." *See id.*

30. The Loan Sale Letter (**Ex. 6**) requests no comment on the part of EGAE, and further, provides no opportunity to participate in the process of formulating the Loan sale; it only requests that EGAE provide certain documents that HUD claims are necessary to conduct its due diligence with respect to the Property.

31. Subsequently, on September 28, 2021, HUD published notice of its intended loan sale in the Federal Register, Vol., 86, No. 185, a true and correct copy of which is attached hereto as **Exhibit 8**. This notice contains additional information that had not been set forth in the Loan Sale Letter (**Ex. 6**).

32. As indicated in the Federal Register notice, the loan sale at issue is denominated MHLS 2022-1, describes the noticed action as "sale of three multifamily and six healthcare mortgage loans," and includes the Mortgage Loan for the Property, which is described as "…one first lien multifamily note secured by a multifamily property located in Alaska." *See* **Ex. 8**, at p. 53673.

33. Were it not for HUD's explicit exclusion of EGAE and any of its affiliates from the bidding process, EGAE would have proceeded to timely submit a bid to participate in the sale of the Mortgage Loan, as the Federal Register notice indicates was required. *See id*.

34. Pursuant to that exclusion, however, the requisite Confidentiality Agreement and Qualification Statement for participation in the loan sale contained various warranties and other criteria which explicitly prohibit any such individuals or entities from bidding. *See generally* MHLS-2022-1 Confidentiality Agreement and Qualification Statement, true and correct copies of which are attached hereto as **Exhibit 9.**

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                      Page **8** of 25
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 8 of 25

35.     As set forth in the Federal Register notice, subsequent to the "sealed bid process" scheduled for October 20, "HUD anticipates that an award or awards will be made on or before **October 26, 2021**." *See* **Ex. 8**, at p. 53673 (emphasis added). Moreover, "[c]losing is expected to take place **Wednesday, November 3, 2021**." *See id* (emphasis added).

36.     EGAE, through separate counsel, sent correspondence to HUD's counsel on October 7, 2021, requesting that HUD cancel the announced loan sale, for the reasons set forth herein, making HUD aware of certain of the defects in its announced sale of the Mortgage Loan. A true and correct copy of that correspondence is attached hereto as **Exhibit 10**. At this time, however, HUD has provided no response to that correspondence, thereby requiring EGAE to initiate the instant action.

37.     HUD's sale of the Mortgage Loan to a third-party bidder will ultimately result in an incalculable loss of *at least* $9 million to the Petitioner, when the Mortgage Loan is inevitably foreclosed by the purchaser – setting aside the irreparable injuries to EGAE's interests in real property and to its constitutional rights, which will be impossible to quantify.

38.     At this time, Petitioner believes that the bidding process has been concluded, because the date specified in HUD's Federal Register notice (October 20) has passed. Petitioner is not certain that a successful bid has been made, however, or the identity of any successful bidder, due to the sealed nature of the bidding process and its exclusion therefrom, and because HUD has not responded to its correspondence. *See* **Ex. 10**.

39.     The Plaintiffs have incurred attorney's fees and costs in connection with the filing and prosecution of this lawsuit, and hereby request to be made whole for same, pursuant to 42 U.S.C. § 1988, and pursuant to any other applicable source of law.

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                    Page **9** of 25
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 9 of 25

## V.    CLAIMS FOR RELIEF.

## CLAIM 1
### Judicial Review for HUD's Violation of 5 U.S.C. § 553,
### Pursuant to 5 U.S.C. §§ 702 and 706

40.    The Petitioner hereby re-alleges and incorporates by reference paragraphs 1-39, set forth above, as if fully alleged herein.

41.    HUD has violated the notice-and-comment procedures set forth in the APA, because it has not provided Petitioner with the requisite 30-day notice of its announced loan sale, nor permitted the Petitioner to comment or otherwise participate in the administrative rule-making process.

42.    HUD's decision to sell Petitioner's Mortgage Loan is a "substantive rule," within the meaning of the APA. *See* 5 U.S.C. § 551(4).

43.    In pertinent part, the APA states that

> (b) General notice of proposed rulemaking shall be published in the Federal Register, unless persons subject thereto are named and either personally served or have actual notice thereof in accordance with law. The notice shall include – (1) A statement of the time, place and nature of public rulemaking proceedings; (2) reference to the legal authority under which the rule is proposed; and (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved…(c) After notice required by this section, the agency shall give interested persons with or without opportunity for oral presentation…

*See* 5 U.S.C. § 553 (emphasis added).

44.    Section 553 goes on to provide that "[t]he required publication or service of a substantive rule shall be made not less than 30 days before its effective date, except – (1) a substantive rule which grants or recognizes an exemption or relieves a restriction; (2) interpretive

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                    Page **10** of 25
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

rules and statements of policy; or (3) as otherwise provided by the agency for good cause found and published with the rule." 5 U.S.C. § 553(d) (emphasis added).

45.     HUD did not publish notice in the Federal Register of MHLS 2022-1, until September 28, 2021. *See* **Ex. 8**.

46.     Nonetheless, HUD purports to proceed with an auction of multifamily loans, including the Mortgage Loan at issue here, on October 20, 2021. Subsequently, HUD's final agency action will be reflected in an award of a contract to the successful third-party bidder, in HUD's discretion, on or about October 26, 2021.

47.     It is only after this final agency action has been completed, and the parties' legal rights and obligations affected by HUD's award of a contract, that the sale of the Mortgage Loan will be closed, which is scheduled to take place on November 3, 2021.

48.     There is no good cause for HUD's attempt to consummate the sale of the Mortgage Loan upon short notice to a highly interested party, *i.e.*, Petitioner.

49.     Moreover, the notice published in the Federal Register (*see* **Ex. 8**), as well as the packet of qualification materials promulgated by HUD for prospective bidders to participate in the sale (*see* **Ex. 9**) make clear that, as the former mortgagor, EGAE and any of its affiliated entities will be excluded from the bidding and from the sale, generally.

50.     As such, HUD's Federal Register notice violates 5 U.S.C. § 553(d), for providing insufficient notice of the rulemaking embodied in MHLS 2022-1, and for failing to provide EGAE with the "…opportunity to participate in the rulemaking through submission of written data, views, or arguments." *See* 5 U.S.C. § 553(c).

51.     Under the APA, the Court may "hold unlawful and set aside [this] agency action," as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or as

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                          Page **11** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 11 of 25

"without observance of procedure required by law." *See* 5 U.S.C. § 706(2)(A), (2)(D). Petitioner

also seeks review under 5 U.S.C. § 702.

## CLAIM 2
### Judicial Review for HUD's Violation of 12 U.S.C. § 1701z-11
### and 12 U.S.C. § 1715z-11a, Pursuant to 5 U.S.C. §§ 702 and 706

52.    The Petitioner hereby re-alleges and incorporates by reference paragraphs 1-51, set

forth above, as if fully alleged herein.

53.    In relevant part, the National Housing Act, 12 U.S.C. § 1701, *et seq.* (the "NHA")

provides that "[t]he Secretary of [HUD] shall manage or dispose of multifamily housing projects

that are owned by the Secretary <u>or that are subject to a mortgage held by the Secretary</u> in a manner

that…(1) is consistent with the National Housing Act and this section; (2) <u>will protect the financial</u>

<u>interests of the Federal Government;</u> and (3) will, in the <u>least costly fashion</u> among reasonable

available alternatives, address [certain goals articulated by Congress as important to NHA

policy]." *See* 12 U.S.C. § 1701z-11(a) (emphasis added).

54.    The NHA further states that "[d]uring fiscal year 1997 and fiscal years thereafter,

the Secretary may manage and dispose of multi-family properties owned by the Secretary…and

multifamily mortgages held by the Secretary on such terms and conditions as the Secretary may

determine, notwithstanding any other provision of law."). *See* 12 U.S.C. § 1715z-11a(a).

55.    Notwithstanding these broad discretionary statements, HUD's decisions under the

NHA are reviewable in this Court, as the NHA provides standards by which to assess them. *See,*

*e.g.*, 12 U.S.C. § 1701z-11(a).

56.    In this case, however, HUD's announced MHLS 2022-1 runs afoul of these

standards, because the sale, and Petitioner's exclusion from the bidding process, mean that HUD

would be disposing of the Mortgage Loan without duly considering the "financial interests of the

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                     Page **12** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 12 of 25

Federal Government," and may effectuate a choice that is not the "least costly" among its several alternatives. *See id.*

57. Due to Petitioner's longstanding operation of the Property, and its massive investment of funds into same, Petitioner believes it has a more direct incentive in bidding the full amount of the outstanding loan, or as close thereto as need be, than any other third-party purchaser, who would seek to obtain the Mortgage Loan for the lowest price possible.

58. As such, if Petitioner is correct, HUD's exclusion of EGAE from the bidding process will result in HUD receiving a lower amount in exchange for the Mortgage Loan, than it otherwise would have if EGAE was permitted to participate.

59. By excluding EGAE and its affiliates from the bidding process, however, HUD has virtually guaranteed that foreclosure of the Mortgage Loan will be necessary by the third-party purchaser, resulting in a loss to the public that otherwise could have been avoided.

60. Under the APA, the Court may "hold unlawful and set aside [this] agency action," as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or as "without observance of procedure required by law." *See* 5 U.S.C. § 706(2)(A), (2)(D). Petitioner also seeks review under 5 U.S.C. § 702.

## CLAIM 3
### Judicial Review for HUD's Violation of 24 C.F.R. Part 290, Pursuant to 5 U.S.C. §§ 702 and 706

61. The Petitioner hereby re-alleges and incorporates by reference paragraphs 1-60, set forth above, as if fully alleged herein.

62. Pursuant to the authority reflected in 12 U.S.C. § 1702, HUD has undertaken to promulgate additional regulations, which act to constrain its discretion in the disposition of non-performing mortgage loans.

63.     In relevant part, those regulations, codified at 24 C.F.R. Part 290, provide that "[d]elinquent mortgages securing subsidized projects will be sold only if, as part of the sales transaction: (a) the mortgages are restructured; and (b) Either FHA mortgage insurance or equivalent protections are provided. *See* 24 C.F.R. § 290.33.

64.     As to "unsubsidized projects," the regulations provide that "[d]elinquent mortgages may be sold without FHA mortgage insurance. However, delinquent mortgages will not be sold if: (1) HUD believes that foreclosure is unavoidable; and (2) The project securing the mortgage is occupied by very low-income tenants who are not receiving housing assistance and would be likely to pay rent in excess of 30 percent of their adjusted monthly income if HUD sold the mortgage." *See* 24 C.F.R. § 290.35 (emphasis added).

65.     Specialized definitions of what constitute "subsidized projects" and "unsubsidized projects" are set forth at 12 U.S.C. § 1701z-11(b)(2)-(b)(4).

66.     HUD's September 16 correspondence to Petitioner (*see* **Ex. 6**), as well as its Federal Register notice (*see* **Ex. 8**), make clear that FHA mortgage insurance will not be provided as part of the MHLS 2022-1 loan sale, and give no indication that the mortgages will be restructured, as a result.

67.     If the Property encumbered by the Mortgage Loan is considered an "unsubsidized project," within the meaning of the NHA, then HUD will have violated 24 C.F.R. § 290.35, for conveying a Mortgage Loan even though foreclosure of the Mortgage Loan is utterly "unavoidable," for reasons that HUD itself has brought about (causing Petitioner's default in the Regulatory Agreement, resulting in the assignment to HUD (*see* **Ex. 5**), and then arbitrarily excluding it from the bidding on its Mortgage Loan).

68.     In the alternative, if the Property encumbered by the Mortgage Loan is properly considered a "subsidized project," within the meaning of the NHA, then HUD's failure to provide FHA mortgage insurance is a violation of 24 C.F.R. § 290.33.

69.     Under the APA, the Court may "hold unlawful and set aside [this] agency action," as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or as "without observance of procedure required by law." *See* 5 U.S.C. § 706(2)(A), (2)(D). Petitioner also seeks review under 5 U.S.C. § 702.

**CLAIM 4**
**Violation of Fifth Amendment Right to Procedural Due Process,**
**Pursuant to 28 U.S.C. §§ 2201, 2202 and 5 U.S.C. §§ 702, 706**

70.     The Petitioner hereby re-alleges and incorporates by reference paragraphs 1-69, set forth above, as if fully set alleged herein.

71.     Petitioner enjoys a legitimate claim of entitlement to its present interest in the Mortgage Loan (*see* **Exs. 2 & 3**), with HUD currently holding the Mortgage Loan (*see* **Ex. 5**), which interest will be extinguished if the loan is conveyed to a third-party purchaser.

72.     Petitioner also enjoys a legitimate claim of entitlement to the Property encumbered by the Mortgage Loan, which will inevitably be extinguished in a foreclosure action by the third-party purchaser of the Mortgage Loan, if MHLS 2022-1 is permitted to go forward as scheduled.

73.     HUD has indicated that it intends to sell the loan to a third-party purchaser, without EGAE's involvement in the bidding process, and without any substantive input from Petitioner, or other participation in the rulemaking process. For instance, HUD has not held any hearing to determine that EGAE and its affiliates should be excluded from the bidding process, and has not even supplied adequate notice to satisfy the APA.

74.     The procedure contemplated by HUD, as set forth in its Federal Register notice (*see* **Ex. 8**), does not provide Petitioner with "due process of law," within the meaning of the Fifth Amendment to the United States Constitution, because it offers Petitioner no means of ensuring its rights are protected in connection with MHLS 2022-1.

75.     Under the APA, the Court may "hold unlawful and set aside [this] agency action," as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or as "contrary to constitutional right, power, privilege, or immunity." *See* 5 U.S.C. § 706(2)(A), (2)(B). Petitioner also seeks review under 5 U.S.C. § 702, and the Court may order declaratory and/or injunctive relief pursuant to the APA, as well as pursuant to 28 U.S.C. §§ 2201 and 2202, for HUD's constitutional violations.

**CLAIM 5**
**Violation of Fifth Amendment Right to Substantive Due Process,**
**Pursuant to 28 U.S.C. §§ 2201, 2202 and 5 U.S.C. §§ 702, 706**

76.     The Petitioner hereby re-alleges and incorporates by reference paragraphs 1-75, set forth above, as if fully alleged herein.

77.     Petitioner enjoys a legitimate claim of entitlement to its present interest in the Mortgage Loan (*see* **Exs. 2 & 3**), with HUD currently holding the Mortgage Loan (*see* **Ex. 5**), which interest will be extinguished if the loan is conveyed to a third-party purchaser.

78.     Petitioner also enjoys a legitimate claim of entitlement to the Property encumbered by the Mortgage Loan, which will inevitably be extinguished in a foreclosure action by the third-party purchaser of the Mortgage Loan, if MHLS 2022-1 is permitted to go forward as scheduled.

79.     Through its own arbitrary conduct in denying Petitioner the ability to fully realize the value of its HTC, in 2006, HUD has directly precipitated the Petitioner's default of the

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                    Page **16** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 16 of 25

Mortgage Loan and of the Regulatory Agreement (**Ex. 1**), which resulted in an assignment of the Mortgage Loan to HUD. *See* **Ex. 5**.

80.     Now, in excluding Petitioner and any of its affiliates from the bidding process, without offering any explanation for this exclusion, HUD has arbitrarily determined that EGAE will be deprived of its property interest in the Mortgage Loan, and in effect, that HUD will arbitrarily be deprived of its interest in the Property, upon a foreclosure action by the third-party purchaser.

81.     There is no rational justification for HUD's exclusion of Petitioner form the bidding process.

82.     Because the exclusion will result in HUD violating its statutory duties and recovering less funds for the public than if Petitioner participated in the sale, *inter alia*, HUD's MHLS 2022-1 will violate Petitioner's right to substantive due process under the Fifth Amendment to the U.S. Constitution, if the Mortgage Loan is permitted to be sold.

83.     Under the APA, the Court may "hold unlawful and set aside [this] agency action," as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or as "contrary to constitutional right, power, privilege, or immunity." *See* 5 U.S.C. § 706(2)(A), (2)(B). Petitioner also seeks review under 5 U.S.C. § 702, and the Court may order declaratory and/or injunctive relief pursuant to the APA, as well as pursuant to 28 U.S.C. §§ 2201 and 2202, for HUD's constitutional violations.

## CLAIM 6
### Violation of Fifth Amendment Right to Equal Protection, Pursuant to 28 U.S.C. §§ 2201, 2202 and 5 U.S.C. §§ 702, 706

84.     The Petitioner hereby re-alleges and incorporates by reference paragraphs 1-83, set forth above, as if fully alleged herein.

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                              Page **17** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 17 of 25

85.     Petitioner enjoys a legitimate claim of entitlement to its present interest in the Mortgage Loan (*see* **Exs. 2 & 3**), with HUD currently holding the Mortgage Loan (*see* **Ex. 1**), which interest will be extinguished if the loan is conveyed to a third-party purchaser.

86.     Petitioner also enjoys a legitimate claim of entitlement to the Property encumbered by the Mortgage Loan, which will inevitably be extinguished in a foreclosure action by the third-party purchase of the Mortgage Loan, if MHLS 2022-1 is permitted to go forward as scheduled.

87.     Through its own arbitrary conduct in denying Petitioner the ability to fully realize the value of its HTC, in 2006, HUD has directly precipitated the Petitioner's default of the Mortgage Loan and of the Regulatory Agreement (**Ex. 1**), which resulted in an assignment of the Mortgage Loan to HUD. *See* **Ex. 5**.

88.     Now, in intentionally excluding Petitioner and any of its affiliates from the bidding process, without offering any explanation for this exclusion, HUD has arbitrarily determined that EGAE will be deprived of its property interest in the Mortgage Loan, and in effect, that HUD will arbitrarily be deprived of its interest in the Property, upon a foreclosure action by the third-party purchaser.

89.     There is no rational justification for HUD's intentional treatment of Petitioner and its affiliates, differently from similarly situated individuals or entities, including any other entity that may wish to submit a bid on the Mortgage Loan.

90.     Because that differential treatment in intentionally excluding Petitioner will result in HUD violating its statutory duties and recovering less funds for the public than if Petitioner participated in the sale, HUD's MHLS 2022-1 will violate Petitioner's right to equal protection of the laws, under the Fifth Amendment to the U.S. Constitution, if the Mortgage Loan is permitted to be sold.

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                    Page **18** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 18 of 25

91.    Under the APA, the Court may "hold unlawful and set aside [this] agency action," as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or as "contrary to constitutional right, power, privilege, or immunity." *See* 5 U.S.C. § 706(2)(A), (2)(B). Petitioner also seeks review under 5 U.S.C. § 702, and the Court may order declaratory and/or injunctive relief pursuant to the APA, as well as pursuant to 28 U.S.C. §§ 2201 and 2202, for HUD's constitutional violations.

## CLAIM 7
### Declaratory & Injunctive Relief Pursuant to
### 28 U.S.C. §§ 2201 & 2202 and 5 U.S.C. §§ 702 & 706

92.    The Petitioner hereby re-alleges and incorporates by reference paragraphs 1-91, set forth above, as if fully alleged herein.

93.    Based upon the foregoing allegations, there is presently existing between the parties hereto an actual, substantial, ongoing controversy that requires the Court's intervention. This request for a declaratory judgment is not seeking an advisory opinion from the Court.

94.    28 U.S.C. § 2201 provides, in relevant part, that

> In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

95.    All of the parties necessary to resolve the present controversies are presently before the Court, and subject to its jurisdiction.

96.     A declaratory judgment as requested below would resolve all controversies between the parties hereto.

97.     Furthermore, 28 U.S.C. § 2202 provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any party whose rights have been determined by such judgment."

98.     Plaintiff has no adequate remedy at law to compensate for the loss of its fundamental, constitutional rights, nor to compensate for the loss to its interests in real property, if HUD is permitted to sell the Mortgage Loan, and will suffer irreparable injury absent an injunction against the Respondent as requested herein.

99.     Time is of the essence with respect to this request, because absent the entry of a temporary restraining order and/or preliminary injunctive relief, HUD will make an award of the Mortgage Loan to a third-party buyer on or around October 26, 2021, and will close on the transaction conveying the Mortgage Loan to that third party buyer on or around November 3, 2021.

100.    The public interest favors the entry of injunctive relief, as do the equities in this case, in order to temporarily maintain the *status quo*, pending a decision on the merits, to protect the Petitioner's constitutional rights, and to prevent irreparable harm to its interests in real property and in receiving due process and equal protection at the hands of the United States government.

101.    Among the various matters comprising the parties' dispute are:

a.      Whether HUD's sale of the Mortgage Loan violates 5 U.S.C. § 553, for providing insufficient notice and/or otherwise violating HUD's notice-and-comment obligations under the APA;

b.      Whether HUD's sale of the Mortgage Loan violates 12 U.S.C. § 1701z-11 and/or § 1715z-11a, for not serving the goals of the National Housing Act, or otherwise;

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                          Page **20** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 20 of 25

c.      Whether HUD's sale of the Mortgage Loan violates 24 C.F.R. Part 290, for not satisfying the procedural and/or other regulatory requirements for the sale of a Multifamily Mortgage Loan, under that Part;

d.      Whether HUD's sale of the Mortgage Loan violates Petitioner's Fifth Amendment right to procedural due process, for arbitrarily excluding it from the bidding process and thereby preventing it from avoiding irreparable injury to its interests in real property, and/or for not providing Petitioner with adequate notice of the announced sale, or otherwise;

e.      Whether HUD's sale of the Mortgage Loan violates Petitioner's Fifth Amendment right to substantive due process, for handling Petitioner's interests in real property in an arbitrary fashion, and otherwise depriving Petitioner of rights guaranteed by the U.S. Constitution;

f.      Whether HUD's sale of the Mortgage Loan violates Petitioner's Fifth Amendment right to equal protection, for arbitrarily excluding it from the bidding process and thereby preventing it from avoiding irreparable injury to its interests in real property, and/or for not providing Petitioner with adequate notice of the announced sale, or otherwise; and

g.      Whether any adequate remedy at law exists, for the irreparable harm to Petitioner' interests in real property, as well as for the irreparable injury to its constitutional rights, if HUD's sale of the Mortgage Loan is permitted to go forward.


## VI.      RELIEF REQUESTED.

**WHEREFORE**, having set forth the claims for relief above, the Petitioner, EGAE, LLC, respectfully prays for relief as follows:

1.      That the Court declare that HUD's sale of the Mortgage Loan violates 5 U.S.C. §

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                    Page **21** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 21 of 25

553, for providing insufficient notice and/or otherwise violating HUD's notice-and-comment obligations under the APA;

2.      That the Court declare that HUD's sale of the Mortgage Loan violates 12 U.S.C. § 1701z-11 and/or § 1715z-11a, for not serving the goals of the National Housing Act, or otherwise;

3.      That the Court declare that HUD's sale of the Mortgage Loan violates 24 C.F.R. Part 290, for not satisfying the procedural and/or other regulatory requirements for the sale of a Multifamily Mortgage Loan, under that Part;

4.      That the Court declare that HUD's sale of the Mortgage Loan violates Petitioner's Fifth Amendment right to procedural due process, for arbitrarily excluding it from the bidding process and thereby preventing it from avoiding irreparable injury to its interests in real property, and/or for not providing Petitioner with adequate notice of the announced sale, or otherwise;

5.      That the Court declare that HUD's sale of the Mortgage Loan violates Petitioner's Fifth Amendment right to substantive due process, for handling Petitioner's interests in real property in an arbitrary fashion, and otherwise depriving Petitioner of rights guaranteed by the U.S. Constitution;

6.      That the Court declare that HUD's sale of the Mortgage Loan violates Petitioner's Fifth Amendment right to equal protection, for arbitrarily excluding it from the bidding process and thereby preventing it from avoiding irreparable injury to its interests in real property, and/or for not providing Petitioner with adequate notice of the announced sale, or otherwise;

7.      That the Court declare that no adequate remedy at law exists, for the irreparable harm to Petitioner's interests in real property, as well as for the irreparable injury to its constitutional rights, if HUD's sale of the Mortgage Loan and/or conveyance to a third-party bidder is permitted to go forward;

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                              Page **22** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 22 of 25

8.      That the Court order preliminary and/or permanent injunctive relief: (i) enjoining HUD's announced sale of the Mortgage Loan from proceeding to an award to a third-party bidder on or around October 26, 2021, and/or setting aside the award if relief is entered thereafter; (ii) enjoining HUD's announced sale of the Mortgage Loan from proceeding to a closing of the sale transaction on or around November 3, 2021, and/or setting aside the transaction, if relief is entered thereafter; (iii) prohibiting HUD from selling the Mortgage Loan in the future, as a violation of the National Housing Act and/or the regulatory requirements of 24 C.F.R. Part 290, or in the alternative; (iv) prohibiting HUD from selling the Mortgage Loan without satisfying the notice-and-comment procedures of the APA; and

9.      That the Court order such other relief as is deemed equitable and just.


## <u>VERIFICATION PURSUANT TO 28 U.S.C. § 1746</u>

I hereby declare, under penalty of perjury, that I am the Manager of EGAE, LLC, authorized to make this verification on its behalf, and that the foregoing factual allegations are true and correct.

Dated this _____ day of October, 2021, at Eugene, Oregon.


_____
EGAE, LLC
By: MARC MARLOW
Title: Manager

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                                    Page **23** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 23 of 25

Dated: Anchorage, Alaska
    October 22, 2021

                            REEVES AMODIO, LLC
                            Attorneys for Petitioner/Plaintiff
                            EGAE, LLC


                    By: /s/ Brian J. Stibitz
                            Brian J. Stibitz, No. 0106043
                            500 L Street, Suite 300
                            Anchorage, Alaska 99501
                            Tel: 907-222-7100
                            Fax: 907-222-7199
                            Email: brian@reevesamodio.com

                        ROBERT A. BOUVATTE, PLLC

                    By: /s/ Robert Bouvatte
                            Robert A. Bouvatte, Jr., Fla. Bar #71525
                            1806 65th Court SE
                            Tumwater, WA 98501
                            T: (904) 505-3175
                            rbouvattelaw@gmail.com
                            bob@rbouvattepllc.com

                        *Attorneys for Petitioner/Plaintiff*

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA                    Page **24** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS

Case 3:21-cv-00238-JMK   Document 1   Filed 10/22/21   Page 24 of 25

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2021, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

counsel/parties of record. The following additional parties have been served by email:

       Brian Wilson
       Marie Scheperle
       U.S. Attorney
       Bryan.Wilson@usdoj.gov
       Marie.Scheperle@usdoj.gov

       Mary C. Merchant
       HUD General Counsel
       Mary.C.Merchant@hud.gov

                    /s/ Brian J. Stibitz

COMPLAINT FOR DECLARATORY RELIEF, INJUCTIVE
RELIEF & JUDICIAL REVIEW UNDER APA              Page **25** of **25**
*EGAE, LLC v. United States Department of Housing & Urban Development*
Case No. 3:21-cv-00238-JWS